```
        IN THE UNITED STATES DISTRICT COURT FOR THE
               SOUTHERN DISTRICT OF ALABAMA
                     SOUTHERN DIVISION


ROBERT MATE TAYLOR,              :

     Plaintiff,                  :

vs.                              :    CIVIL ACTION 16-0449-WS-M

LEE L. HALE, JR.,                :

     Defendant.                  :
```

REPORT AND RECOMMENDATION

Plaintiff, an Alabama prison inmate proceeding *pro se* and *in forma pauperis*, filed a Complaint under 42 U.S.C. § 1983. This action has been referred to the undersigned for appropriate action pursuant to 28 U.S.C. § 636(b)(1)(B) and S.D. Ala. GenLR 72(a)(2)(R). It is recommended that this action be dismissed without prejudice, prior to service of process, pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim upon which relief can be granted.

I.  Complaint.

In this action Taylor filed four § 1983 Complaints, each on the Court's complaint form, with each containing the substantially same description of his claim against his criminal defense counsel, Lee L. Hale, Jr. (Docs. 1, 3, 6, 9)[1]. In them Taylor alleges that his claim arose on September 14, 2015, in

---

[1]  The Complaint at document 9 has been stricken

the Circuit Court of Mobile County, Alabama.  (Doc. 6 at 4).  Because his claim's description is brief and straightforward, it is set out in its entirety.

> I was sentenced to life without of parole.  I asked my attorney for my records and rec[ei]ved a motion of discovery and my transcripts.  I wrote my attorney for my other records and never rec[ei]ved a reply.  I need all records, everything including jail records and mental health records, so I can work on my case and get back to court.  I can't read or write, and not having my records make[s] it to where I can't work on my case, since I don't have all my records and can't get it from my attorney.  I can't afford another attorney to work on my case.  I have to work on it myself.

*Id.*  For relief, Taylor wants "to get all [his] medical, mental health, and criminal records and all [his] paperwork."  (*Id.* at 7).

II.  Standards of Review Under 28 U.S.C. § 1915(e)(2)(B).

Because Plaintiff is proceeding *in forma pauperis*, the Court is reviewing his Complaints under 28 U.S.C. § 1915(e)(2)(B).  Under § 1915(e)(2)(B)(i), a claim may be dismissed as "frivolous where it lacks an arguable basis in law or fact."  *Neitzke v. Williams,* 490 U.S. 319, 325 (1989).[2]  A claim is frivolous as a matter of law where the claim seeks to

---

[2] *Neitzke*'s interpretation of 28 U.S.C. § 1915(d) is applied to § 1915(d)'s superseding statute, 28 U.S.C. § 1915(e)(2)(B).  *Bilal v. Driver*, 251 F.3d 1346,1348-49 (11th Cir.), *cert. denied*, 534 U.S. 1044 (2001).

enforce a right that clearly does not exist.  *Id.*

Moreover, a complaint may be dismissed under 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim upon which relief may be granted.  *Mitchell v. Farcass*, 112 F.3d 1483, 1490 (11th Cir. 1997).  To avoid dismissal for failure to state a claim upon which relief can be granted, the allegations must show plausibility.  *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 557 (2007).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009).  That is, "[f]actual allegations must be enough to raise a right to relief above the speculative level" and must be a "'plain statement' possess[ing] enough heft to 'sho[w] that the pleader is entitled to relief.'"  *Twombly,* 550 U.S. at 555, 557 (second brackets in original).  However, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."  *Iqbal,* 556 U.S. at 678.

When considering a *pro se* litigant's allegations, a court gives them a liberal construction holding them to a more lenient standard than those of an attorney.  *Tannenbaum v. United States*, 148 F.3d 1262, 1263 (11th Cir. 1998).  However, a court does not have "license . . . to rewrite an otherwise deficient

3

pleading [by a *pro se* litigant] in order to sustain an action." *GJR Investments v. County of Escambia, Fla.,* 132 F.3d 1359, 1369 (11th Cir. 1998), *overruled on other grounds by Iqbal,* 556 U.S. 662 (2009).

III. <u>Analysis</u>.

Taylor previously filed a § 1983 action against Hale in this Court. *Taylor v. Hale,* CA No. 15-465-KD-C (S.D. Ala. 2015).[3] In this prior action, he sued Hale for ineffective assistance of counsel and sought to obtain transcripts and other documents related to his state-court criminal case. (Docs. 1, 6). In the Report and Recommendation recommending the *sua sponte* dismissal of that action, Taylor was advised that his criminal defense attorney did not act under color of state law and, therefore, his Complaint did not state a claim upon which relief could be granted. (Doc. 6).

Even though Taylor's prior action against Hale was dismissed, he nonetheless filed this § 1983 action seeking transcripts and documents from Hale. He was previously informed, "[a] successful section 1983 action requires a showing that the conduct complained of (1) *was committed by a person acting under color of state law* and (2) deprived the complainant of rights, privileges, or immunities secured by the Constitution

---

[3] The Court takes judicial notice of its records. *Nguyen v. United States*, 556 F.3d 1244, 1259 n.7 (11th Cir. 2009).

or laws of the United States." *Harvey v. Harvey,* 949 F.2d 1127, 1130 (11th Cir. 1992) (emphasis added); Doc. 6.  Neither has this law has changed, nor has the law changed that in a § 1983 action, criminal defense counsel, retained or court-appointed, does not act under color of state law in the absence of a conspiracy.  *Polk County v. Dodson,* 454 U.S. 312, 325 (1981) (public defender); *Slavin v. Curry,* 574 F.2d 1256, 1264 (5th Cir.) (retained counsel),[4] *overruled on other grounds by Sparks v. Duval County Ranch Co.,* 604 F.2d 976 (5th Cir. 1979).

In the present action, Taylor does not allege that Hale acted under color of state law, nor do his factual allegations show that Hale acted under color of state law.  Thus, the *Polk County* and *Slavin* decisions apply to this action.  Accordingly, the Court finds that Hale did not act under color of state law law and, therefore, this action is due to be dismissed for failure to state a claim upon which relief can be granted.

IV.  Conclusion.

Based upon the foregoing reason, it is recommended that this action be dismissed without prejudice, prior to service of process, pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) for failure

---

[4] The Eleventh Circuit in *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981), adopted as binding precedent the decisions of the former Fifth Circuit rendered prior to October 1, 1981.

to state a claim upon which relief can be granted.

## NOTICE OF RIGHT TO FILE OBJECTIONS

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to this recommendation or anything in it must, within fourteen (14) days of the date of service of this document, file specific written objections with the Clerk of this Court. *See* 28 U.S.C. § 636(b)(1); FED.R.CIV.P. 72(b); S.D. Ala. Gen.LR 72(c). The parties should note that under Eleventh Circuit Rule 3-1, "[a] party failing to object to a magistrate judge's findings or recommendations contained in a report and recommendation in accordance with the provisions of 28 U.S.C. § 636(b)(1) waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions if the party was informed of the time period for objecting and the consequences on appeal for failing to object. In the absence of a proper objection, however, the court may review on appeal for plain error if necessary in the interests of justice."  11th Cir. R. 3-1.  In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the Magistrate Judge's report and recommendation where the disputed determination is found. An

objection that merely incorporates by reference or refers to the briefing before the Magistrate Judge is not specific.

DONE this 17th day of October, 2016.

>                               s/BERT W. MILLING, JR.
>                               BERT W. MILLING, JR.
>                               UNITED STATES MAGISTRATE JUDGE